RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

ANDREW A. SMITH
Trial Attorney (SBN 8341 (NM))
U.S. Department of Justice
Natural Resources Section
c/o U.S. Attorneys Office, P.O. Box 607
Albuquerque, New Mexico 87103
Tel: (505) 224-1468
Fax: (505) 346-7205
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, and UNITED STATES FOREST SERVICE, <br><br> Federal Defendants. | Civ. No. 07-cv-03831 MJJ <br><br> **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Federal Defendants, United States Department of Agriculture ("USDA") and USDA

Forest Service (collectively, "Federal Defendants"), by and through their undersigned counsel,

hereby answer the allegations in Plaintiffs' July 26, 2007 "Complaint for Declaratory and

Injunctive Relief" ("Complaint"), Dkt. No. 1, as follows:

The numbered paragraphs of this Answer correspond to the numbered paragraphs of

Plaintiffs' Complaint.

## **"INTRODUCTION"**

1.  The allegations set forth in the first, second, fourth, and fifth sentences constitute

Plaintiffs' characterization of their case to which no response is required.  The allegations of the

third sentence constitute Plaintiffs' characterization of previous Court documents and are

conclusions of law to which no response is required.

2.  The allegations constitute Plaintiffs' characterization of their case to which no response is required.

### "JURISDICTION"

3.  The allegations are statements of jurisdiction and as such constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the Plaintiffs have established jurisdiction or a waiver of sovereign immunity for their claims, or that any relief is proper in this matter.

### "VENUE AND INTRADISCRICT ASSIGNMENT"

4.  The allegations set forth in the first and seventh sentences of Paragraph 4 are statements of venue and intradistrict assignment and as such constitute conclusions of law to which no response is required.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second, third, and fourth sentences and therefore deny the allegations therein.  Federal Defendants admit the allegations of the fifth sentence.  With respect to the allegations of the sixth sentence, Federal Defendants admit that there are more than 1.5 million acres of National Forest System lands in the Northern District of California, including that Six Rivers National Forest.  Federal Defendants deny the remaining allegations of the sixth sentence.

### "PARTIES"

5.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and therefore deny the allegations therein.

6.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and therefore deny the allegations therein.

7.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and therefore deny the allegations therein.

8.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and therefore deny the allegations therein.

9.  Federal Defendants are without knowledge or information sufficient to form a belief as

1  to the truth of the averments and therefore deny the allegations therein.

2      10.  Federal Defendants are without knowledge or information sufficient to form a belief

3  as to the truth of the averments and therefore deny the allegations therein.

4      11.  Federal Defendants are without knowledge or information sufficient to form a belief

5  as to the truth of the averments and therefore deny the allegations therein.

6      12.  Federal Defendants are without knowledge or information sufficient to form a belief

7  as to the truth of the averments and therefore deny the allegations therein.

8      13.  Federal Defendants are without knowledge or information sufficient to form a belief

9  as to the truth of the averments and therefore deny the allegations therein.

10     14.  Federal Defendants are without knowledge or information sufficient to form a belief

11 as to the truth of the averments and therefore deny the allegations therein.

12     15.  Federal Defendants are without knowledge or information sufficient to form a belief

13 as to the truth of the averments and therefore deny the allegations therein.

14     16.  Federal Defendants are without knowledge or information sufficient to form a belief

15 as to the truth of the averments and therefore deny the allegations therein.

16     17.  Federal Defendants are without knowledge or information sufficient to form a belief

17 as to the truth of the averments and therefore deny the allegations therein.

18     18.  Federal Defendants are without knowledge or information sufficient to form a belief

19 as to the truth of the averments and therefore deny the allegations therein.

20     19.  Federal Defendants are without knowledge or information sufficient to form a belief

21 as to the truth of the averments and therefore deny the allegations therein.

22     20.  The allegations constitute conclusions of law and thus no response is required.  To

23 the extent a response is deemed necessary, Federal Defendants deny the allegations.

24     21.  Federal Defendants are without knowledge or information sufficient to form a belief

25 as to the truth of the averments and therefore deny the allegations therein.

26     22.  Federal Defendants admit the allegations.

27     23.  Federal Defendants admit the allegations.

**"SUMMARY OF FACTS AND GENERAL ALLEGATIONS"**

"I.    THE NATIONAL FOREST MANAGEMENT ACT ['NFMA']"

24.    Federal Defendants generally admit the allegations.

25.    Federal Defendants admit allegations of the first sentence.  Federal Defendants deny the allegations of the second sentence.

26.    Federal Defendants admit the allegations of the first sentence.  The remaining allegations purport to characterize an unidentified statement from an alleged Senate hearing which speaks for itself and is the best evidence of its contents.

27.    The allegations of the first, second, third, and fourth sentences constitute conclusions of law and thus no response is required.  The allegations of the fifth sentence constitute Plaintiffs' characterization of their case to which no response is required.

28.    The allegations constitute conclusions of law and thus no response is required.

29.    The allegations constitute conclusions of law and thus no response is required.

30.    The allegations constitute conclusions of law and thus no response is required.

31.    The allegations constitute conclusions of law and thus no response is required.

"II.    THE 1982 PLANNING REGULATIONS"

32.    Federal Defendants admit the allegations.

33.    Federal Defendants deny that a "Committee of Scientists" was convened for preparation of the 1982 Regulations.  Federal Defendants admit the remaining allegations.

34.    The allegations constitute conclusions of law and thus no response is required.

35.    The allegations constitute conclusions of law and thus no response is required.

36.    The allegations constitute conclusions of law and thus no response is required.

37.    The allegations constitute conclusions of law and thus no response is required.

38.    The allegations constitute conclusions of law and thus no response is required.

39.    The allegations constitute conclusions of law and thus no response is required.

40.    The allegations constitute conclusions of law and thus no response is required.

41.    The allegations constitute conclusions of law and thus no response is required.

42. The allegations constitute conclusions of law and thus no response is required.

43. The allegations constitute conclusions of law and thus no response is required.

44. The allegations constitute conclusions of law and thus no response is required.

45. The allegations constitute conclusions of law and thus no response is required.

46. The allegations constitute conclusions of law and thus no response is required.

"III.    THE NOVEMBER 9, 2000, NFMA REGULATIONS"

47. Federal Defendants admit the allegations.

48. Federal Defendants admit the allegations of the first sentence. The allegations of the second sentence purport to characterize the 1996 "biological assessment," which speaks for itself and contains the best evidence of its content. As such, the allegations require no response.

49. Federal Defendants admit the allegations.

50. Federal Defendants admit the allegations of the first sentence. Federal Defendants deny the allegations of the second sentence.

51. Federal Defendants admit the allegations.

52. Federal Defendants deny the allegations, but aver that they prepared a "Finding of No Significant Impact" ("FONSI") for the National Forest System Land and Resource Management Planning Rule, determining that the proposed action would not constitute a "major federal action," and thereby did not require preparation of an environmental impact statement ("EIS").

53. Federal Defendants admit the allegations.

54. Federal Defendants admit the allegations.

55. The allegations constitute conclusions of law and thus no response is required.

56. Federal Defendants admit the allegations of the first sentence. The allegations of the remaining sentences purport to characterize a May 17, 2001 Federal Register notice, which speaks for itself and contains the best evidence of its content. As such, the allegations require no response.

57. With respect to the averments of the first and second sentences, the allegations that the 2000 Rule was adopted in violation of any procedural requirements constitutes a conclusion of

law and thus no response is required.  To the extent a response is deemed necessary, Federal Defendants deny the allegations.  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of the first and second sentences and therefore deny the allegations therein.  The allegations of the third and fourth sentences purport to characterize legal opinions which speak for themselves and constitute conclusions of law and thus no response is required.

58.  The allegations purport to characterize a legal opinion which speaks for itself and constitute conclusions of law and thus no response is required.

59.  Federal Defendants admit issuance of an "interim rule" on September 10, 2003.  The remaining allegations purport to characterize the "interim rule," which speaks for itself and is the best evidence of its contents.  As such, the allegations require no response.

60.  Federal Defendants admit the allegations of the first sentence.  The remaining allegations purport to characterize the September 2004 Interpretative Rule, which speaks for itself and is the best evidence of its contents.  As such, the allegations require no response.

61.  The allegations purport to characterize a January 5, 2005 Federal Register notice, which speaks for itself and contains the best evidence of its content.  As such, the allegations require no response.

62.  The allegations purport to characterize legal opinions which speak for themselves and constitute conclusions of law and thus no response is required.

"IV.    THE JANUARY 5, 2005, NFMA REGULATIONS"

63.  Federal Defendants admit the allegations of the first sentence.  The allegations of the second sentence purport to characterize a December 6, 2002 Federal Register notice, which speaks for itself and contains the best evidence of its content.  As such, the allegations require no response.

64.  Federal Defendants admit the allegations.

65.  The allegations of the first sentence purport to characterize the 2002 Proposed Rule, which speaks for itself and contains the best evidence of its content.  As such, the allegations

1   require no response.  Federal Defendants admit the allegations of the second sentence.  Federal

2   Defendants deny the allegations of the third sentence, except to admit that Federal Defendants did

3   not undertake formal consultation with the United States Fish and Wildlife Service or the National

4   Marine Fisheries Service regarding the 2002 Proposed Regulations or the 2005 Planning

5   Regulations and no such formal consultation was required.

6   66.   The allegations of the first and second sentences purport to characterize unidentified

7   Forest Service statements about the 2005 Final Rule, which speak for themselves and contain the

8   best evidence of their contents.  As such, the allegations require no response.  The allegations of

9   the third sentence constitute conclusions of law and thus no response is required.

10   67.   The allegations of the first sentence constitute conclusions of law and thus no

11   response is required.  The allegations of second sentence purport to characterize unidentified

12   "claim" about the 2005 Final Rule, which speaks for itself and contains the best evidence of its

13   contents.  As such, the allegations require no response.

14   68.   Federal Defendants are without knowledge or information sufficient to form a belief

15   as to the truth of the averments of the first sentence and therefore deny the allegations therein.

16   The remaining allegations purport to characterize a legal opinion that contains the best evidence

17   of its content and constitute conclusions of law and thus no response is required.

18   69.   Federal Defendants admit the allegations of the first sentence.  The remaining

19   allegations purport to characterize a legal opinion that contains the best evidence of its content

20   and constitute conclusions of law and thus no response is required.

21   "V.   THE APRIL 27, 2007, DECISION TO RESURRECT AND IMPLEMENT THE 2000
     RULE"

22

23   70.   Federal Defendants admit issuing a memorandum on April 27, 2007, related to the

24   March 30, 2007 court order.  The remaining allegations purport to characterize this

     memorandum, which speaks for itself and contains the best evidence of its contents.  As such, the
25
     allegations require no response.
26

27   71.  Federal Defendants deny the allegations, except to admit that they did not provide

     public notice or accept public comments on the April 27, 2007 memorandum because no such

1  notice and comment period was required.

2      72.  The allegations purport to characterize a legal opinion that contains the best evidence

3  of its content and constitute conclusions of law and thus no response is required.

4      73.  Federal Defendants deny the allegations.

5      74.  With respect to the allegations of the first sentence, Federal Defendants admit that

6  National Forests are acting consistently with the April 27, 2007 memorandum.  Federal

7  Defendants deny the remaining allegations of the first sentence.  Federal Defendants deny the

8  allegations of the remaining sentences, but admit that National Forests are complying with the

9  2000 Rule and are acting in a manner consistent with their respective Forest Plans.

10              **"FIRST CLAIM FOR RELIEF"**

11      "Federal Defendants' April 27, 2007, Decision to Implement the 2000 Rule Violates APA"

12      75.  Federal Defendants hereby incorporate their responses to all preceding paragraphs as

13  if set forth fully herein.

14      76.  The allegations purport to characterize a January 5, 2005 Federal Register notice,

15  which speaks for itself and contains the best evidence of its content.  As such, the allegations

16  require no response.

17      77.  Federal Defendants deny the allegations, except to admit that they have not provided

18  opportunity for notice and comment regarding the April 27, 2007 memorandum and no such

19  opportunity for notice and comment was required.

20      78.  The allegations constitute conclusions of law and thus no response is required.  To

21  the extent a response is deemed necessary, Federal Defendants deny the allegations.

22              **"SECOND CLAIM FOR RELIEF"**

23      "Federal Defendants' April 27, 2007, Decision to Implement the 2000 Rule Violates NEPA"

24      79.  Federal Defendants hereby incorporate their responses to all preceding paragraphs as

25  if set forth fully herein.

26      80.  The allegations constitute conclusions of law and thus no response is required.

27      81.  The allegations constitute conclusions of law and thus no response is required.

82. The allegations purport to characterize legal opinions which speak for themselves and constitute conclusions of law and thus no response is required.

83. The allegations constitute conclusions of law and thus no response is required.

84. The allegations constitute conclusions of law and thus no response is required. To the extent a response is deemed necessary, Federal Defendants deny the allegations.

### "RELIEF REQUESTED"

The remaining allegations set forth in the Complaint consist of Plaintiffs' prayers for relief to which no response is required. To the extent a response is deemed necessary, Federal Defendants deny that Plaintiffs are entitled to any of the relief requested or any relief whatsoever.

### GENERAL DENIAL

Federal Defendants deny any and all allegations of Plaintiffs' Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

### First Affirmative Defense

Plaintiffs' causes of action fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred by laches, estoppel, waiver, and failure to exhaust administrative remedies.

### Third Affirmative Defense

Plaintiffs have failed to establish standing to pursue some or all of its causes of action.

### Fourth Affirmative Defense

The Court lacks subject matter jurisdiction for Plaintiffs' causes of action are not ripe for judicial review.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by res judicata and collateral estoppel.

WHEREFORE, Federal Defendants request that this Court dismiss Plaintiffs' Complaint, enter judgment for Federal Defendants, and award Federal Defendants court costs and any such

1   further relief that this Court deems just and appropriate.

2

3   DATED this 25th day of September, 2007.    Respectfully submitted,

4                                              RONALD J. TENPAS
                                               Acting Assistant Attorney General
5                                              Environment and Natural Resources Division

6                                              /s/ Andrew A. Smith
                                               ANDREW A. SMITH
7                                              Trial Attorney (NM Bar #8341)
                                               Natural Resources Section
8                                              c/o U.S. Attorneys Office
                                               P.O. Box 607
9                                              Albuquerque, New Mexico 87103
                                               Tel: (505) 224-1468 / Fax: (505) 346-7205

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of a copy of the foregoing document(s) has been effected electronically on counsel of record as a result of my having filed the referenced document(s) via the Court's Electronic Case Filing System this 25th day of September, 2007.

                             <u>  s/ Andrew A. Smith               </u>
                             Andrew A. Smith