1

2

3    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF CALIFORNIA
     SAN FRANCISCO DIVISION

4

5    CITIZENS FOR BETTER FORESTRY, et al.,      )      Case No: C-07-3831-MJJ
                                                )
6             Plaintiffs,                       )
                                                )
7        v.                                     )      PARTIES' JOINT CASE
                                                )      MANAGEMENT STATEMENT
8    U.S. DEPT. OF AGRICULTURE, et al.,         )
                                                )
9             Federal Defendants.               )
                                                )
10   _____)

11         Pursuant to the Court's August 29, 2007, Clerk's Notice setting the case management

12   conference in this case, Plaintiffs and Federal Defendants submit this Joint Case Management

13   Statement:

14   **1.      Jurisdiction and Service.**

15         Plaintiffs' position is that this case challenges Federal Defendants' April 27, 2007,

16   decision to reinstate and implement the 2000 National Forest Management Act planning rule

17   ("2000 Rule").  Federal Defendants' position is that Plaintiffs improperly challenge an April 27,

18   2007 "memorandum" advising the National Forests that the 2000 Rule is in effect.  Because this

19   is a contested issue, this statement will hereafter refer to the "April 27, 2007,

20   decision/memorandum."

21         Plaintiffs assert that the Court has jurisdiction under 28 U.S.C. § 1331, because this

22   action involves a federal question.  Plaintiffs allege that Federal Defendants have violated the

23   National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*; and the Administrative

24   Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq.*  Plaintiffs are conservation groups with

25   members who regularly use and enjoy many national forests for recreation and other interests.

26   Plaintiffs assert that their interests in these forests has been and will continue to be injured by the

27

1  April 27, 2007, decision/memorandum, and allege that the April 27, 2007,

2  decision/memorandum is final agency action that is currently being implemented.

3        Federal Defendants assert that the Court lacks jurisdiction over Plaintiffs' claims because

4  Plaintiffs lack standing and because the April 27, 2007, decision/memorandum does not

5  constitute "final agency action" under the APA and is not ripe for review.

6        The parties agree that the complaint was properly served.

7  **2.  Facts.**

8        The National Forest Management Act ("NFMA"), 16 U.S.C. § 1600, *et seq*., directs the

9  Secretary of Agriculture and United States Forest Service ("USDA") to promulgate regulations

10  that govern planning and land management decisions throughout the 192-million acre National

11  Forest System.  USDA promulgated the first NFMA regulations in 1979, and promulgated

12  revised regulations in 1982.  *See* 36 C.F.R. part 219 (1999).

13        In 2000, USDA published a new rule to revise the 1982 regulations.  65 Fed. Reg. at

14  67,567.  Plaintiffs filed suit to challenge the 2000 Rule.  *See Citizens for Better Forestry v. U.S.*

15  *Dept. of Agriculture*, 341 F.3d 961 (9th Cir. 2003).  Plaintiffs' position is that in *Citizens*, the

16  Ninth Circuit ruled that the plaintiffs had standing, that their procedural claims were ripe for

17  review, and that USDA violated NEPA in developing and promulgating the 2000 Rule.  *Id.*, at

18  970-71.  Plaintiffs' position is also that on July 24, 2006, the Court reviewed the Ninth Circuit's

19  decision in *Citizens* to resolve the plaintiffs' motion for attorneys' fees and costs, and ruled that

20  the Ninth Circuit's conclusion that USDA violated NEPA in developing the 2000 Rule was

21  germane to the eventual resolution of the case, was a ruling on the merits, and is the law of the

22  circuit.  *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 497 F.Supp.2d 1062 (N.D. Cal.

23  2007) (Order adopting Magistrate Judge's Report and Recommendation Re: Plaintiffs' Motion

24  for Attorneys' Fees and Costs).  Federal Defendants' position is that the Ninth Circuit's decision

25  in *Citizens* does not establish that the plaintiffs were "prevailing parties," and the District Court

26  dismissed the plaintiffs' case with prejudice without entering any judgment or other judicial

27

1  relief in the plaintiffs' favor.  Federal Defendants have appealed the Court's decision regarding

2  attorney fees to the Ninth Circuit.

3      On January 5, 2005, USDA issued a rule to remove the 2000 Rule, and promulgated a

4  new rule ("2005 Rule").  70 Fed. Reg. 1022-23 (Jan. 5, 2005).  In March, 2005, most of the

5  plaintiffs in this case filed suit to challenge the 2005 Rule.  On March 30, 2007, Judge Hamilton

6  ruled that USDA violated NEPA, the Endangered Species Act, and the APA in developing the

7  2005 Rule.  *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 481 F.Supp.2d 1059 (N. D.

8  Cal. 2007).  Among other things, Judge Hamilton enjoined USDA from implementing and

9  utilizing the 2005 Rule, and remanded the matter to USDA for compliance with pertinent statutes

10 with regard to the 2005 Rule.  *Id.* at 1100.

11     On April 13, 2007, USDA filed a motion to amend and/or alter the March 30, 2007,

12 order, and to limit the scope of the injunction to only this district.  Judge Hamilton denied

13 USDA's motion and confirmed that its injunction regarding the 2005 Rule is a nationwide

14 injunction that is not limited to this district.  *Citizens for Better Forestry v. U.S. Dept. of*

15 *Agriculture*, 2007 WL 1970096 (July 3, 2007).  Federal Defendants have appealed the Court's

16 decisions rulings regarding the 2005 Rule to the Ninth Circuit.

17     On April 27, 2007, the Deputy Chief for the National Forest System issued the

18 decision/memorandum at issue in this case.  It states that "[t]he 2000 planning rule, including its

19 transition provisions as clarified by the 2004 interpretative rule, is now in effect."

20     Plaintiffs' position is that Federal Defendants did not provide public notice or accept

21 public comment prior to the April 27, 2007, decision/memorandum regarding the 2000 Rule; that

22 Federal Defendants have not cured the NEPA deficiencies regarding the 2000 Rule; and that

23 Federal Defendants did not prepare any NEPA analysis or decision document before issuing the

24 April 27, 2007, decision/memorandum.  Plaintiffs' position is that based on the April 27, 2007,

25 direction/memorandum to Regional Foresters, individual National Forests are now implementing

26 site-specific projects pursuant to the "transition provision" of the 2000 Rule.  Federal

27 Defendants' position is that the April 27, 2007, decision/memorandum did nothing more than

1  advise the Regional Foresters of the effect of the Court's March 30, 2007, decision setting aside

2  and enjoining USDA from implementing the 2005 Rule, and thus the decision/memorandum did

3  not trigger any obligations under NEPA or the APA.

4  **3.     Legal Issues**

5        The parties dispute the following legal issues:

6        a)     Whether the April 27, 2007, decision/memorandum constitutes "final agency

7               action" pursuant to the APA?

8        b)     Whether the April 27, 2007, decision/memorandum violates the APA?

9        c)     Whether the April 27, 2007, decision/memorandum violates NEPA?

10       d)     Whether the April 27, 2007, decision/memorandum should be set aside, and the

11              1982 Rule should be reinstated?

12  Federal Defendants also contend that the parties dispute the following legal issues:

13       (e)    Whether Plaintiffs have failed to state claims on which relief may be granted;

14              Plaintiffs have standing to pursue their claims; whether Plaintiffs' claims are

15              barred by laches, estoppel, waiver, and failure to exhaust administrative remedies;

16              whether Plaintiffs' claims are ripe for judicial review; and whether Plaintiffs'

17              claims are barred by res judicata and collateral estoppel?

18  **4.     Motions**

19       The parties anticipate that this case will be resolved on cross-motions for summary

20  judgment, and no other motions are anticipated at this time.

21  **5.     Amendment of Pleadings**

22       The parties do not anticipate any need to amend the pleadings.

23  **6.     Evidence Preservation**

24       The parties anticipate that this case will be resolved on cross-motions for summary

25  judgment, and that no discovery will be necessary.

26  **7.     Initial Disclosures**

27

1    The parties anticipate that this case will be resolved on cross-motions for summary

2    judgment, and that no discovery will be necessary.

3    **8.    Discovery**

4    The parties anticipate that this case will be resolved on cross-motions for summary

5    judgment, and that no discovery will be necessary. On or before December 31, 2007, Federal

6    Defendants will certify and lodge a copy of the April 27, 2007, decision/memorandum.

7    **9.    Class Actions**

8    N/A.

9    **10.    Related Cases**

10    As set forth in an earlier administrative motion, Plaintiffs believe this case is related to

11    three earlier filed cases that challenge regulations prepared by USDA pursuant to NFMA:

12    1.    *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 01-0728-MJJ

13    2.    *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 05-1144-PJH

14    3.    *Defenders of Wildlife, et al. v. Mike Johanns, et al.*, C 04-4512-PJH.

15    Federal Defendants did not oppose relating this case to *Citizens for Better Forestry, et al. v. U.S.*

16    *Dept. of Agriculture*, C 01-0728-MJJ, but argued that this case is not related to the two cases

17    before Judge Hamilton. By Order of August 23, 2007, the Court ruled that this case was related

18    to *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 01-0728-MJJ.

19    **11.    Relief**

20    Plaintiffs seek a declaratory judgment that Federal Defendants violated NEPA and the

21    APA when it decided on April 27, 2007, to reinstate and implement the 2000 Rule. Plaintiffs

22    also seek to enjoin Federal Defendants from any further implementation of the 2000 Rule.

23    Federal Defendants contend that Plaintiffs are not entitled to any of the requested relief or

24    any other relief.

25    **12.    Settlement and ADR**

26

27

1    The parties filed notice concerning the need for an ADR phone conference on November

2    15, 2007, but a call has not yet been scheduled.  The parties do not believe that settlement of this

3    case is likely.

4    **13.    Consent to Magistrate Judge For All Purposes**

5    The parties anticipate that this case will be resolved through dispositive motions before

6    an Article III judge, and that no trial will be necessary.

7    **14.    Other References**

8    The parties do not believe this case is suitable for reference to binding arbitration, a

9    special master, or the Judicial Panel on Multidistrict Litigation.

10   **15.    Narrowing of Issues**

11   The parties anticipate that this case will be resolved on cross-motions for summary

12   judgment.

13   **16.    Expedited Schedule**

14   The parties anticipate that this case will be resolved on cross-motions for summary

15   judgment.

16   **17.    Scheduling**

17   Federal Defendants believe that this matter should be stayed as Federal Defendants are

18   moving quickly to remedy the legal errors this Court found in *Citizens for Better Forestry, et al.*

19   *v. U.S. Dept. of Agriculture*, C 05-1144-PJH, and *Defenders of Wildlife, et al. v. Mike Johanns*, *et*

20   *al.*, C 04-4512-PJH, with the goal of promulgating a new planning rule in early 2008.

21   Plaintiffs position is that this case should move forward on cross-motions for summary

22   judgment, as history demonstrates that the legal issues surrounding the legality of the NFMA

23   regulations will not be resolved any time soon, and USDA previously proposed the 2005 Rule in

24   2002, and did not finalize it until 2005.

25   Absent a stay, on or before December 31, 2007, Federal Defendants will certify and lodge

26   a copy of the April 27, 2007, decision/memorandum.

27

Plaintiffs propose the following briefing schedule for dispositive cross-motions for summary judgment:  Plaintiffs shall file any motion for summary judgment by January 25, 2008, Federal Defendants will file a combined response and cross motion for summary judgment on or before February 15, 2008, Plaintiffs will file a combined reply and response on or before March 7, 2008, and Federal Defendants will file a reply on or before March 28, 2008.

Because three weeks is not sufficient time for the United States to prepare summary judgment briefs in a case of this magnitude and because counsel for Federal Defendants has major briefs in other matters already scheduled for February 29, 2008, April 15, 2008, and April 30 2008, Federal Defendants propose the following briefing schedule for dispositive cross-motions for summary judgment:  Plaintiffs shall file any motion for summary judgment by January 25, 2008; Federal Defendants will file a combined response and cross motion for summary judgment on or before March 21, 2008; Plaintiffs will file a combined reply and response on or before April 11, 2008; and Federal Defendants will file a reply on or before May 9, 2008.

**18.    Trial**

The parties agree that this case will likely be resolved through dispositive motions and that no trial will be necessary.

**19.    Disclosure of Non-Party Interested Entities**

Pursuant to Civil Local Rule 3-16, undersigned counsel for Plaintiffs hereby certify that as of this date, other than the named parties, there are no additional interested entities or persons to report.  Defendants are exempt from corporate disclosure under Civil Local Rule 3-16.

**20.    Other Matters**

Federal Defendants believe that this matter should be stayed as they are moving quickly to remedy the legal errors this Court found in *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 05-1144-PJH, and *Defenders of Wildlife, et al. v. Mike Johanns, et al.*, C 04-4512-PJH, with the goal of promulgating a new planning rule in early 2008.  Plaintiffs position is that this case should move forward on cross-motions for summary judgment, as history demonstrates

1    that the legal issues surrounding the legality of the NFMA regulations will not be resolved any

2    time soon.

3           Dated: December 4, 2007.

4                                        Respectfully submitted,

5

6                                        /s/ Peter M.K. Frost
                                    Peter M.K. Frost, *pro hac vice*
                                    Marc D. Fink, *pro hac vice*

7                                        Attorneys for Plaintiffs

8

9                                        /s/ Andrew A. Smith

10                                       Andrew A. Smith
                                    Trial Attorney (SBN 8341 (NM))
                                    U.S. Department of Justice

11                                       Natural Resources Section
                                    c/o U.S. Attorneys Office, P.O. Box 607

12                                       Albuquerque, New Mexico 87103
                                    Tel: (505) 224-1468

13                                       Fax: (505) 346-7205
                                    andrew.smith@usdoj.gov

14                                       Attorney for Federal Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27