IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, et al., )<br>    Plaintiffs, )<br>    v. )<br>U.S. DEPT. OF AGRICULTURE, et al., )<br>    Federal Defendants. )<br>_____) | Case No: C-07-3831-SBA<br><br>PARTIES' NOTICE RE:<br>JOINT CASE MANAGEMENT<br>STATEMENT<br><br>Case Management Conference:<br>March 12, 2008, at 3:45 p.m.,<br>via telephone |

    Plaintiffs' position is that this case challenges Federal Defendants' April 27, 2007, decision to reinstate and implement the 2000 National Forest Management Act planning rule, following this Court's decision on March 30, 2007 setting aside the 2005 planning rule. *See Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 481 F. Supp.2d 1059 (N. D. Cal. 2007). Federal Defendants' position is that Plaintiffs improperly challenge an April 27, 2007 "memorandum" advising the National Forests that the 2000 planning rule went into effect after this Court's March 30, 2007 decision.

    This action was reassigned to the Honorable Saundra Brown Armstrong on February 15, 2008, and the parties were requested to submit a Case Management Statement by March 3, 2008. The parties hereby resubmit and attach for the Court the Parties' Joint Case Management Statement (filed on December 4, 2007, and attached as Exhibit A) and the Parties Stipulation and Order Re: Briefing Schedule for Cross-Motions on Summary Judgment (filed and signed by the Honorable Martin J. Jenkins on December 13, 2007, and attached as Exhibit B). Pursuant to the Scheduling Order, Plaintiffs filed their opening summary judgment papers on January 25, 2008, and Federal Defendants' opening summary judgment papers are due on March 21, 2008.

PARTIES' NOTICE RE: JOINT CASE MANAGEMENT STATEMENT, Civ. No. 07-3831-SBA    Page 1

The only update to report at this time is that on February 7, 2008, the Federal Defendant U.S. Forest Service released a Final Environmental Impact Statement for a new 2008 proposed planning rule implementing the National Forest Management Regulations, which has been sent to the U.S. Department of Agriculture for a decision on a new 2008 final rule. *See* http://www.fs.fed.us/emc/nfma/2008_planning_rule.html. Federal Defendants expect that the new 2008 final planning rule will be published in the Federal Register in mid-March, 2008. Federal Defendants intend to seek dismissal of this case as moot once the 2008 final planning rule is promulgated.[1]

Dated March 3, 2008.                   Respectfully submitted,

/s/ Peter M.K. Frost
Peter M.K. Frost, *pro hac vice*
Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Tel: 541-485-2471, Fax: 541-485-2457
frost@westernlaw.org

Marc D. Fink, *pro hac vice*
Center for Biological Diversity
4515 Robinson Street
Duluth, Minnesota 55804
Tel: 218-525-3884, Fax: 218-525-3857
mfink@biologicaldiversity.org

Attorneys for Plaintiffs


/s/ Andrew A. Smith
Andrew A. Smith, Trial Attorney (SBN 8341 (NM))
United States Department of Justice
Environment and Natural Resources Division
c/o U.S. Attorneys Office, P.O. Box 607
Albuquerque, New Mexico 87103
Tel: (505) 224-1468, Fax: (505) 346-7205
andrew.smith@usdoj.gov

Attorney for Federal Defendants

---

[1] In addition, a status conference regarding the Parties' cross-motions for summary judgment is currently set for Tuesday, June 10, 2008, at 2:00 p.m., and should be changed to Courtroom 3, 3rd Floor, in the Oakland federal courthouse, and Federal Defendants should notice their motion for summary judgment for the same time and location.

PARTIES' NOTICE RE: JOINT CASE MANAGEMENT STATEMENT, Civ. No. 07-3831-SBA          Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, et al., ) | Case No: C-07-3831-MJJ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | PARTIES' JOINT CASE |
| ) | MANAGEMENT STATEMENT |
| U.S. DEPT. OF AGRICULTURE, et al., ) | |
| ) | |
| Federal Defendants. ) | |
| ) | |
| _____) | |

Pursuant to the Court's August 29, 2007, Clerk's Notice setting the case management conference in this case, Plaintiffs and Federal Defendants submit this Joint Case Management Statement:

**1.     Jurisdiction and Service.**

Plaintiffs' position is that this case challenges Federal Defendants' April 27, 2007, decision to reinstate and implement the 2000 National Forest Management Act planning rule ("2000 Rule"). Federal Defendants' position is that Plaintiffs improperly challenge an April 27, 2007 "memorandum" advising the National Forests that the 2000 Rule is in effect. Because this is a contested issue, this statement will hereafter refer to the "April 27, 2007, decision/memorandum."

Plaintiffs assert that the Court has jurisdiction under 28 U.S.C. § 1331, because this action involves a federal question. Plaintiffs allege that Federal Defendants have violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*; and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq*. Plaintiffs are conservation groups with members who regularly use and enjoy many national forests for recreation and other interests. Plaintiffs assert that their interests in these forests has been and will continue to be injured by the

**Exhibit A**

April 27, 2007, decision/memorandum, and allege that the April 27, 2007, decision/memorandum is final agency action that is currently being implemented.

Federal Defendants assert that the Court lacks jurisdiction over Plaintiffs' claims because Plaintiffs lack standing and because the April 27, 2007, decision/memorandum does not constitute "final agency action" under the APA and is not ripe for review.

The parties agree that the complaint was properly served.

**2. Facts.**

The National Forest Management Act ("NFMA"), 16 U.S.C. § 1600, *et seq.*, directs the Secretary of Agriculture and United States Forest Service ("USDA") to promulgate regulations that govern planning and land management decisions throughout the 192-million acre National Forest System. USDA promulgated the first NFMA regulations in 1979, and promulgated revised regulations in 1982. *See* 36 C.F.R. part 219 (1999).

In 2000, USDA published a new rule to revise the 1982 regulations. 65 Fed. Reg. at 67,567. Plaintiffs filed suit to challenge the 2000 Rule. *See Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961 (9th Cir. 2003). Plaintiffs' position is that in *Citizens*, the Ninth Circuit ruled that the plaintiffs had standing, that their procedural claims were ripe for review, and that USDA violated NEPA in developing and promulgating the 2000 Rule. *Id.*, at 970-71. Plaintiffs' position is also that on July 24, 2006, the Court reviewed the Ninth Circuit's decision in *Citizens* to resolve the plaintiffs' motion for attorneys' fees and costs, and ruled that the Ninth Circuit's conclusion that USDA violated NEPA in developing the 2000 Rule was germane to the eventual resolution of the case, was a ruling on the merits, and is the law of the circuit. *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 497 F.Supp.2d 1062 (N.D. Cal. 2007) (Order adopting Magistrate Judge's Report and Recommendation Re: Plaintiffs' Motion for Attorneys' Fees and Costs). Federal Defendants' position is that the Ninth Circuit's decision in *Citizens* does not establish that the plaintiffs were "prevailing parties," and the District Court dismissed the plaintiffs' case with prejudice without entering any judgment or other judicial

**Exhibit A**

relief in the plaintiffs' favor. Federal Defendants have appealed the Court's decision regarding attorney fees to the Ninth Circuit.

On January 5, 2005, USDA issued a rule to remove the 2000 Rule, and promulgated a new rule ("2005 Rule"). 70 Fed. Reg. 1022-23 (Jan. 5, 2005). In March, 2005, most of the plaintiffs in this case filed suit to challenge the 2005 Rule. On March 30, 2007, Judge Hamilton ruled that USDA violated NEPA, the Endangered Species Act, and the APA in developing the 2005 Rule. *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 481 F.Supp.2d 1059 (N. D. Cal. 2007). Among other things, Judge Hamilton enjoined USDA from implementing and utilizing the 2005 Rule, and remanded the matter to USDA for compliance with pertinent statutes with regard to the 2005 Rule. *Id.* at 1100.

On April 13, 2007, USDA filed a motion to amend and/or alter the March 30, 2007, order, and to limit the scope of the injunction to only this district. Judge Hamilton denied USDA's motion and confirmed that its injunction regarding the 2005 Rule is a nationwide injunction that is not limited to this district. *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 2007 WL 1970096 (July 3, 2007). Federal Defendants have appealed the Court's decisions rulings regarding the 2005 Rule to the Ninth Circuit.

On April 27, 2007, the Deputy Chief for the National Forest System issued the decision/memorandum at issue in this case. It states that "[t]he 2000 planning rule, including its transition provisions as clarified by the 2004 interpretative rule, is now in effect."

Plaintiffs' position is that Federal Defendants did not provide public notice or accept public comment prior to the April 27, 2007, decision/memorandum regarding the 2000 Rule; that Federal Defendants have not cured the NEPA deficiencies regarding the 2000 Rule; and that Federal Defendants did not prepare any NEPA analysis or decision document before issuing the April 27, 2007, decision/memorandum. Plaintiffs' position is that based on the April 27, 2007, direction/memorandum to Regional Foresters, individual National Forests are now implementing site-specific projects pursuant to the "transition provision" of the 2000 Rule. Federal Defendants' position is that the April 27, 2007, decision/memorandum did nothing more than

**Exhibit A**

advise the Regional Foresters of the effect of the Court's March 30, 2007, decision setting aside and enjoining USDA from implementing the 2005 Rule, and thus the decision/memorandum did not trigger any obligations under NEPA or the APA.

**3.    Legal Issues**

The parties dispute the following legal issues:

a) Whether the April 27, 2007, decision/memorandum constitutes "final agency action" pursuant to the APA?

b) Whether the April 27, 2007, decision/memorandum violates the APA?

c) Whether the April 27, 2007, decision/memorandum violates NEPA?

d) Whether the April 27, 2007, decision/memorandum should be set aside, and the 1982 Rule should be reinstated?

Federal Defendants also contend that the parties dispute the following legal issues:

(e) Whether Plaintiffs have failed to state claims on which relief may be granted; Plaintiffs have standing to pursue their claims; whether Plaintiffs' claims are barred by laches, estoppel, waiver, and failure to exhaust administrative remedies; whether Plaintiffs' claims are ripe for judicial review; and whether Plaintiffs' claims are barred by res judicata and collateral estoppel?

**4.    Motions**

The parties anticipate that this case will be resolved on cross-motions for summary judgment, and no other motions are anticipated at this time.

**5.    Amendment of Pleadings**

The parties do not anticipate any need to amend the pleadings.

**6.    Evidence Preservation**

The parties anticipate that this case will be resolved on cross-motions for summary judgment, and that no discovery will be necessary.

**7.    Initial Disclosures**

**Exhibit A**

The parties anticipate that this case will be resolved on cross-motions for summary judgment, and that no discovery will be necessary.

**8.   Discovery**

The parties anticipate that this case will be resolved on cross-motions for summary judgment, and that no discovery will be necessary. On or before December 31, 2007, Federal Defendants will certify and lodge a copy of the April 27, 2007, decision/memorandum.

**9.   Class Actions**

N/A.

**10.  Related Cases**

As set forth in an earlier administrative motion, Plaintiffs believe this case is related to three earlier filed cases that challenge regulations prepared by USDA pursuant to NFMA:

1. *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 01-0728-MJJ
2. *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 05-1144-PJH
3. *Defenders of Wildlife, et al. v. Mike Johanns, et al.*, C 04-4512-PJH.

Federal Defendants did not oppose relating this case to *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 01-0728-MJJ, but argued that this case is not related to the two cases before Judge Hamilton. By Order of August 23, 2007, the Court ruled that this case was related to *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 01-0728-MJJ.

**11.  Relief**

Plaintiffs seek a declaratory judgment that Federal Defendants violated NEPA and the APA when it decided on April 27, 2007, to reinstate and implement the 2000 Rule. Plaintiffs also seek to enjoin Federal Defendants from any further implementation of the 2000 Rule.

Federal Defendants contend that Plaintiffs are not entitled to any of the requested relief or any other relief.

**12.  Settlement and ADR**

**Exhibit A**

The parties filed notice concerning the need for an ADR phone conference on November 15, 2007, but a call has not yet been scheduled. The parties do not believe that settlement of this case is likely.

**13.    Consent to Magistrate Judge For All Purposes**

The parties anticipate that this case will be resolved through dispositive motions before an Article III judge, and that no trial will be necessary.

**14.    Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties anticipate that this case will be resolved on cross-motions for summary judgment.

**16.    Expedited Schedule**

The parties anticipate that this case will be resolved on cross-motions for summary judgment.

**17.    Scheduling**

Federal Defendants believe that this matter should be stayed as Federal Defendants are moving quickly to remedy the legal errors this Court found in *Citizens for Better Forestry, et al. v. U.S. Dept. of Agriculture*, C 05-1144-PJH, and *Defenders of Wildlife, et al. v. Mike Johanns*, et al., C 04-4512-PJH, with the goal of promulgating a new planning rule in early 2008.

Plaintiffs position is that this case should move forward on cross-motions for summary judgment, as history demonstrates that the legal issues surrounding the legality of the NFMA regulations will not be resolved any time soon, and USDA previously proposed the 2005 Rule in 2002, and did not finalize it until 2005.

Absent a stay, on or before December 31, 2007, Federal Defendants will certify and lodge a copy of the April 27, 2007, decision/memorandum.

**Exhibit A**

1  Plaintiffs propose the following briefing schedule for dispositive cross-motions for
2  summary judgment:  Plaintiffs shall file any motion for summary judgment by January 25, 2008,
3  Federal Defendants will file a combined response and cross motion for summary judgment on or
4  before February 15, 2008, Plaintiffs will file a combined reply and response on or before March
5  7, 2008, and Federal Defendants will file a reply on or before March 28, 2008.

6  Because three weeks is not sufficient time for the United States to prepare summary
7  judgment briefs in a case of this magnitude and because counsel for Federal Defendants has
8  major briefs in other matters already scheduled for February 29, 2008, April 15, 2008, and April
9  30 2008, Federal Defendants propose the following briefing schedule for dispositive cross-
10 motions for summary judgment:  Plaintiffs shall file any motion for summary judgment by
11 January 25, 2008; Federal Defendants will file a combined response and cross motion for
12 summary judgment on or before March 21, 2008; Plaintiffs will file a combined reply and
13 response on or before April 11, 2008; and Federal Defendants will file a reply on or before May
14 9, 2008.

15 **18.  Trial**

16 The parties agree that this case will likely be resolved through dispositive motions and
17 that no trial will be necessary.

18 **19.  Disclosure of Non-Party Interested Entities**

19 Pursuant to Civil Local Rule 3-16, undersigned counsel for Plaintiffs hereby certify that
20 as of this date, other than the named parties, there are no additional interested entities or persons
21 to report.  Defendants are exempt from corporate disclosure under Civil Local Rule 3-16.

22 **20.  Other Matters**

23 Federal Defendants believe that this matter should be stayed as they are moving quickly
24 to remedy the legal errors this Court found in *Citizens for Better Forestry, et al. v. U.S. Dept. of*
25 *Agriculture*, C 05-1144-PJH, and *Defenders of Wildlife, et al. v. Mike Johanns*, *et al.*, C 04-4512-
26 PJH, with the goal of promulgating a new planning rule in early 2008.  Plaintiffs position is that
27 this case should move forward on cross-motions for summary judgment, as history demonstrates

**Exhibit A**

1  that the legal issues surrounding the legality of the NFMA regulations will not be resolved any
2  time soon.
3      Dated: December 4, 2007.
4                               Respectfully submitted,

/s/ Peter M.K. Frost
Peter M.K. Frost, *pro hac vice*
Marc D. Fink, *pro hac vice*

Attorneys for Plaintiffs

/s/ Andrew A. Smith
Andrew A. Smith
Trial Attorney (SBN 8341 (NM))
U.S. Department of Justice
Natural Resources Section
c/o U.S. Attorneys Office, P.O. Box 607
Albuquerque, New Mexico 87103
Tel: (505) 224-1468
Fax: (505) 346-7205
andrew.smith@usdoj.gov

Attorney for Federal Defendants

**Exhibit A**

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

ANDREW A. SMITH
Trial Attorney (SBN 8341 (NM))
U.S. Department of Justice
Natural Resources Section
c/o U.S. Attorneys Office
P.O. Box 607
Albuquerque, New Mexico 87103
Tel: (505) 224-1468
Fax: (505) 346-7205
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CITIZENS FOR BETTER FORESTRY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Federal Defendants. | Civ. No. 07-3831-MJJ<br><br>THE PARTIES' STIPULATION AND [PROPOSED] ORDER RE: BRIEFING SCHEDULE FOR CROSS-MOTIONS ON SUMMARY JUDGMENT |

Pursuant to the Court's direction at the December 11, 2007 Case Management Conference, Plaintiffs Citizens for Better Forestry *et al.* and Federal Defendants United States Department of Agriculture *et al.* hereby stipulate to and respectfully request that the Court adopt the following briefing schedule for the Parties' cross-motions for summary judgment:

1) On or before December 31, 2007, Federal Defendants will certify and lodge a copy of the April 27, 2007 U.S.D.A. Forest Service decision/memorandum at issue in this case;

**Exhibit B**

1    2)   On or before January 25, 2008, Plaintiffs will file a motion for summary judgment
2         and memorandum in support;
3    3)   On or before March 21, 2008, Federal Defendants will file a cross-motion for
4         summary judgment and a single, combined memorandum in support of Federal
5         Defendants' motion for summary judgment and in response to Plaintiffs' motion
6         for summary judgment;
7    4)   On or before April 11, 2008, Plaintiffs will file a single, combined reply
8         memorandum in support of Plaintiffs' motion for summary judgment and in
9         response to Federal Defendants' motion for summary judgment;
10   5)   On or before May 9, 2008, Federal Defendants will file a reply memorandum in
11        support of Federal Defendants' motion for summary judgment;
12   6)   On Tuesday, June 10, 2008 at 2:00 p.m. in Courtroom 11, 19th Floor, the Court
13        will hold a status conference on the Parties' cross-motions for summary judgment.

Dated: December 11, 2007.                  Respectfully submitted,

                                           /s/ Peter M.K. Frost
                                           Peter M.K. Frost, *pro hac vice*
                                           Attorney for Plaintiffs

                                           /s/ Andrew A. Smith
                                           Andrew A. Smith
                                           Attorney for Defendants

Pursuant to the stipulation of the Parties, IT IS SO ORDERED.

Dated: December __13__, 2007.

                                           _____
                                           Martin J. Jenkins
                                           UNITED STATES

**Exhibit B**